JOHN STILL, RESPONDENT, *v.* EDWIN A. HOLBROOK, APPELLANT, IMPLEADED WITH OTHERS.

*Agreement by parties to join in boring oil wells — when one subscriber is liable for the services of one employed by less than a majority of the subscribers — what acts amount to a ratification of such employment — Statute of limitations — the right of one partner to recover a claim against the firm, is barred by the ten and not by the six years' statute.*

APPEAL from a judgment in favor of the plaintiff entered on the report of a referee.

It appears by the findings of the referee, that in May, 1865, the plaintiff's assignor Richard P. Wilkins, together with the appellant Edwin A. Holbrook, and several others, engaged in an enterprise for developing petroleum oil on lands in Pennsylvania, and for that purpose subscribed an agreement, of which the following is a copy: "Buffalo, May 18, 1865. We, the subscribers, severally agree to contribute and pay in such sums on call, as shall be from time to time assessed, to the amount of $500, to be used for boring, tubing and developing one, two or three oil wells at such locations in the oil district in Pennsylvania as shall be decided upon by a majority of said subscribers, who are to adopt such plans as deemed advisable for carrying out the object above stated." It was alleged in the complaint that Wilkins was employed to superintend the

work contemplated by the agreement, for which he was to be paid a reasonable compensation, and that a large sum remained due him therefor, the claim for which he had assigned to the plaintiff. It was also alleged that none of the subscribers had paid on account of any one share above the sum of $330, and that there was a considerable amount of personal property belonging to the subscribers jointly, and that there was in the hands of the defendant Holbrook a sum of money amounting to $1,000 and upwards, the proceeds of the sale of property belonging to said subscribers. The plaintiff demanded judgment that an account be taken as between the defendants; that the liabilities of each as to the others be ascertained and established; that the liabilities of the subscribers to creditors be ascertained; that a receiver be appointed to take charge of the joint property of the subscribers, collect the debts belonging to them and convert the joint property into money and apply the proceeds in payment of the plaintiff's claim, and that the plaintiff have judgment for the amount of his claim, with costs. The referee found in favor of the plaintiff, and ordered judgment substantially for the relief claimed in the complaint.

The court at General Term said: " The point is now taken by the appellant that the proof shows that Wilkins was hired by less than a majority of the subscribers, without the knowledge, assent or ratification of Holbrook, and that as by the terms of the agreement a majority must act in order to bind the whole, the hiring of Wilkins created no obligation on the part of the appellant. The proof is that Wilkins was employed by an executive committee appointed at a meeting of subscribers, but the whole number present was less than a majority. It does not appear that Holbrook was present at that meeting, but it does appear that he paid in all the sum of $330 upon his share towards the expenses of the enterprise. The testimony of Butler, the treasurer, seems to indicate that the calls for money were made from time to time as Wilkins' work progressed, and Butler testifies that Holbrook knew that Wilkins was at work. As there is no evidence that the subscribers incurred any other expense than that which was connected with the operations of Wilkins, the presumption fairly arises that Holbrook was made acquainted with the nature of Wilkins' employment and assented to it, and that presumption is strengtened by the

circumstance that although Holbrook was called as a witness after proof of his payments had been given, he did not deny that he was aware of the fact of Wilkins' employment when the payments were made, and that the money was called in to meet the expenses resulting from his operations. The circumstances above detailed were sufficient evidence to justify a finding of Holbrook's ratification.

"The objection that no calls or assessments have been made as required by the subscription paper, is no answer to the claim made upon the subscribers to contribute so as to produce equality among themselves and adjust the affairs of the partnership after its dissolution. "And in such an action the personal representatives of a deceased partner are necessary parties, and the objection to their being joined, which is urged by the appellant, is without foundation.

"So far as the statute of limitations is concerned, the six years' limitation does not apply to the case, as there is no concurrent remedy at law. Wilkins, the plaintiff's assignor, being one of the associates and co-partners, his claim could not be enforced in an action at law. The only remedy was in equity to adjust and settle the affairs of the partnership, and as ten years had not elapsed when the suit was commenced, the cause of action was not barred by the statute. "These several points were considered by the referee, and in so much of his opinion as relates to them, we concur.

"The additional point is taken on the appeal that the sum for which the referee ordered judgment against the several defendants is in excess of the amount necessary to satisfy the plaintiff's claim. The answer is that the excess is only so much as is needed to produce equality of contribution on the part of all the associates with the one who has contributed the highest sum. If after all the debts and liabilities of the partnership are paid, there remains a surplus, it will be competent for either of the parties to the suit to apply to the court for an equitable distribution thereof. The only other objections taken have no merits and require no comment."

The judgment should be affirmed, with costs.

*Spencer Clinton,* for the appellant.

*Stephen Lockwood,* for the respondent.

Opinion by SMITH, J.; TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed, with costs.